# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF

ENRIQUE RODRIGUEZ NARVAEZ
MYRNA I. RIVERA ORTIZ

DEBTORS

CASE NO. 18-02044 (EAG)

CHAPTER 11

## PLAN OF REORGANIZATION

ARTICLE I
DEFINITIONS

For the purposes of this Plan of Reorganization, the following terms shall have the respective meanings set forth.

1. "Administrative Creditor" shall mean a person entitled to payment of an Administrative Expense Claim.

2. "Administrative Expense Claim" shall mean any claim constituting a cost or expense of administration of the Chapter 11 proceeding allowed under 11 USC section 503(b) and 507 (a)(1).

3. "Allowed Claim" shall mean any Claim, proof of which was properly filed on or before the Bar Date set by the Bankruptcy Court, namely December 21, 2015, or if no proof of claim has been filed, which has been or hereafter is listed as liquidated in amount and not in disputed, contingent or unliquidated in the Debtors' schedules of assets and liabilities filed with the Bankruptcy Court (as they may be amended or supplemented from time to time according to the Bankruptcy Rules) and, in either case, a Claim to which no objection to the allowance thereof has been interposed within the applicable period of limitation (if any) fixed by the Bankruptcy Court, or about which any objection has been determined by a Final Order. Unless otherwise provided for in the Plan, "Allowed Claim" shall not include interest, costs, fees, expenses or other charges on the principal amount of such Claim from and after the Petition Date.

4. "Allowed Secured Claim" shall mean any Allowed Claim which is a secured claim and shall include in the amount thereof, unless otherwise stated in the Plan, all

    interest accrued on or after the Petition Date, fees, costs, and charges as may be allowed.

5. "Bankruptcy Code" or "Code" shall mean the provisions of Title 11 of the United States Code, 11 USC section 1101 et seq, as amended from time to time.

6. "Bankruptcy Court" shall mean the United States Bankruptcy Court for the District of Puerto Rico, having jurisdiction over this Chapter 11 proceeding, or such other court as may be exercising jurisdiction over this Chapter 11 proceeding.

7. "Bankruptcy Rules" or "Rules" shall mean the Federal Rules of Bankruptcy Procedures, as amended from time to time.

8. "Bar Date" shall mean the deadline of August 23, 2018, after which any proof of claim filed will not have any effect on this Plan and will not entitle its holder to participate with other claims under this Plan. The government Bar Date is October 15, 2018.

9. "Claim" shall mean any right to payment whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or any right to an equitable remedy for breach of performance if such breach gives right to a right of payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

10. "Class" shall mean a category of holders of claims or interests that is substantially similar to other claims or interests in such class.

11. "Confirmation Date" shall mean the date the order of confirmation in this Chapter 11 proceeding made according to the provisions of 11 USC section 1129 becomes a Final Order.

12. "Consummation Date" shall mean the Date by which all of the conditions precedent to the consummation set forth in this Plan shall have been met or waived.

13. "Cramdown" shall mean the confirmation of the Plan under the provisions of 11 USC section 1129 (b).

14. "Creditor" shall mean any person who has a claim against the debtor which arose on or before the Petition Date or a claim of any kind specified in 11 USC sections 502(g), 503(h) or 502 (I).

15. "Creditors Committee" shall mean the elected committee that represents the creditors in this proceeding pursuant to 11 USC section 705. No creditors committee has been appointed in this case.

16. "Debtor" shall mean Enrique Rodriguez Narvaez and Myrna Iris Rivera Ortiz.

17. "Disclosure Statement" shall mean the Disclosure Statement filed by the debtors with the Bankruptcy Court in this Chapter 11 proceeding and dated October 6, 2016, pursuant to 11 USC section 1125, approved by the Bankruptcy Court and distributed to all Creditors and parties in interest, according to the provisions of the Code and Rules.

18. "Effective Date of the Plan" shall mean thirty (30) days after the order of confirmation of the plan becomes a final order and unappelable, and shall be the date on which there shall be made all initial cash payments required by the Plan.

19. "Estate" shall mean the Property owned by the debtors that comprises the Chapter 11 of the estate of the debtors in the above captioned Chapter 11 Proceeding.

20. "Final Order" shall mean an Order of the Bankruptcy Court (or other court of appropriate jurisdiction) which shall not have been reversed, stayed, modified or amended and that the time to appeal from or to seek review or rehearing of such order have expired, and about which, no appeal or petition for review or rehearing or certiorari proceeding is pending as a result of which such Order shall become final according to Rule 8002 of the Rules of Bankruptcy Procedure, as such Rules may be amended from time to time.

21. "Lien" shall mean a mortgage, pledge, judgment, lien, security interest, charging order, or other charge or encumbrance on property as is effective under applicable law as of the Petition date.

22. "Liquidation" shall mean the compliance liquidation of the Property of Debtors' Estate, by a duly appointed trustee, according to the provisions of Chapter 7 of the Bankruptcy Code.

23. "Liquidation Analysis" shall mean the comparison of the current assets and liabilities of the Debtors in order to determine the liquidation value of the debtors' property.

24. "Liquidation Value" shall mean the value that any item of the debtors' property could be expected to bring during a liquidation.

25. "Order of Confirmation" shall mean the Order of the Bankruptcy Court confirming this Plan according to the provisions of Chapter 11 of the Bankruptcy Code.

26. "Person" shall mean any individual, corporation, partnership, association, joint stock company, trust, unincorporated organization, government or any political subdivision thereof, or other entity.

27. "Petition Date" shall mean April 16, 2018 the date on which debtor filed its voluntary petition and commenced the instant Chapter 11 proceeding.

28. "Priority Claim" shall mean any allowed claim other than an Administrative Expense Claim or Priority Tax Claim, to the extent entitled to priority in payment under 11 USC section 507(a).

29. "Priority Creditor" shall mean any Creditor that is the holder of a Priority Claim.

30. "Priority Tax Claim" shall mean any allowed claim of any person who is entitled to a priority in payment under 11 USC section 507(a)(8).

31. "Priority Claim" shall mean any allowed claim of any person who is entitled to a priority in payment under section 507.

32. "Property" shall mean the property of the Estate which shall be administered by the debtors.

33. "Pro Rata" shall mean in the same proportion that a claim or interest in a given class bears to the aggregate amount of all claims (including disputed claims allowed or disallowed or the aggregate number of all interests in such class.

34. "Secured Claim" shall mean a claim the holder of which is vested with a perfected, non voidable lien on property in which the debtor has an interest, which lien is valid, perfected and enforceable under applicable law and not subject to avoidance under the Bankruptcy Code or other applicable non bankruptcy law, and is duly established in this case, to the extent of the value of such holder's interest in the debtors' interest in such Property, as determined according to 11 USC section 506.

35. "Substantial Consummation" of this Plan shall mean any of the events provided for on 11 USC section 1101(2).

36. "Trustee" shall mean the Debtor-in-Possession.

37. "Unsecured Creditor" shall mean a creditor that is a holder of an allowed general unsecured claim.

38. "Voluntary Petition" shall mean the Voluntary Petition for Relief filed by the debtor on the Petition Date.

ARTICLE II
DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS
AND TREATMENT OF CLASSES

A. DESIGNATION OF CLAIMS

The plan divides the creditors into nine (9) classes. The classes of creditors are as follow:

CLASS 1 ADMINISTRATIVE EXPENSES

CLASS 1– Administrative expenses. These are claims under section 507 (a) (2) of the Bankruptcy Code, accrued pursuant to Section 503 (b) and court cost as defined in the Bankruptcy Code for which application for or allowance or a claim if filed prior to the effective date, as the same are allowed, approved and ordered paid by the Court. It is estimated that claims on this claims will be approximately $10,000.00. These will be paid as they become due.

This class is not impaired.

CLASS 2 CLAIMS ENTITLED TO PRIRITY UNDER SECTION 507 (a) (8)

CLASS 2 - Claims entitled to Priority Under Section 507 (a) (8) of the Bankruptcy code as the same are allowed approved and ordered paid by the Court. Department of Treasury has filed a claim in the total amount of $ 116,046.37, of which $ 96,488.77 is priority. This claim will be objected to since the same is based upon non payment of IVU tax, and debtors are not required to file IVU tax returns, nor to pay IVU.

This class is not impaired.

CLASS 3 - SECURED CREDITOR Nationstar Mortgage LLC

CLASS 3- Nationstar Mortgage LLC is a secured creditor in the total amount of $47,860.92. This amount is in consideration of a mortgage note that encumbers debtors' real property located at Orlando, Florida. Payments to this secured creditor are up to date.

Debtors will continue making direct payments to this secured creditor.

This class is not impaired.

CLASS 4 SECURED CREDITOR SUCESION ENRIQUE SANCHEZ RECIO

Class 4 Sucesion Enrique Sanchez Recio has filed claim number 9 for the total amount of $1,728,629.00 This amount is in consideration of a mortgage note that encumbers a real property located at Bo

Algarrobo in Guayama, Puerto Rico. An Option to sell this property has already been signed.

This class will be paid in full upon sale of the property.

This class is impaired.

CLASS 5 SECURED CREDITOR LOPEZ ENTERPRISES

Secured creditor Lopez Enterprises has filed claim number 8 for the total amount of $ $1,114,795.08. This amount is in consideration of an attachment that was filed over a real property located at Bo. Machete in Guayama, Puerto Rico.

This creditor will be paid in full upon sale of the property.

This class is impaired.

CLASS 6-SECURED CREDITOR CRIM

Secured creditor CRIM has filed a claim in the amount of $115,225.06 of which $85,331.58 is secured. This creditor will be paid in full upon sale of the properties. The unsecured portion of the claim will be paid in full.

This class is not impaired.

CLASS 7 - SECURED CREDITOR BANCO POPULAR DE PUERTO RICO

Creditor Banco Popular was scheduled in the total amount of $1,113,000.00. This claim is in consideration of a loan issued to a corporation Consorcio Agua. Debtors are co-debtors to this loan. Debtors will surrender BPPR the shares in the corporation in full consideration of his liability in this claim.

This class is impaired.

CLASS 8 - WESTGATE RESORTS

Creditor Westgate Resorts was scheduled in the amount of $2,972.02. Thos claim is inconsideration of arrears in the maintenance fee. Debtor will cure all pre-petition maintenance fees and will continue making direct payments to this creditor.

This claim is impaired.

**CLASS 9–** GENERAL UNSECURED CREDITORS

Class 9 General Unsecured Creditors

This Class is composed of unsecured claims as finally allowed by this Honorable Court. It is estimated that claims in this class will be an amount close to $1,794,509.16. This Class will be paid one hundred percent (100%) plus 4.25% interest of their claims as soon as the properties are sold.

This class is impaired.

B.  TREATMENT FOR CLASSES OF CLAIMS AND INTEREST

CLASS 1 ADMINISTRATIVE EXPENSES

CLASS 1– Administrative expenses. These are claims under section 507 (a) (2) of the Bankruptcy Code, accrued pursuant to Section 503 (b) and court cost as defined in the Bankruptcy Code for which application for or allowance or a claim if filed prior to the effective date, as the same are allowed, approved and ordered paid by the Court. It is estimated that claims on this claims will be approximately $10,000.00.  These will be paid as they become due.

This class is not impaired.

CLASS 2 CLAIMS ENTITLED TO PRIRITY UNDER SECTION 507 (a) (8)

CLASS 2 - Claims entitled to Priority Under Section 507 (a) (8) of the Bankruptcy code as the same are allowed approved and ordered paid by the Court.   Department of Treasury has filed a claim in the total amount of $ 116,046.37, of which $ 96,488.77 is priority.   This claim will be objected to since the same is based upon non payment of IVU tax, and debtors are not required to file IVU tax returns, nor to pay IVU.

This class is not impaired.

CLASS  3 - SECURED CREDITOR Nationstar Mortgage LLC

CLASS 3- Nationstar Mortgage LLC is a secured creditor in the total amount of $47,860.92, This amount is in consideration of a mortgage note that encumbers debtors' real property located at Orlando, Florida. Payments to this secured creditor are up to date. Debtors will continue making direct payments to this secured creditor.

This class is not impaired.

CLASS 4 SECURED CREDITOR SUCESION ENRIQUE SANCHEZ RECIO

Class 4 Sucesion Enrique Sanchez Recio has filed claim number 9 for the total amount of $1,728,629.00 This amount is in consideration of a mortgage note that encumbers a real property located at Bo

Algarrobo in Guayama, Puerto Rico. An Option to sell this property has already been signed.

This class will be paid in full upon sale of the property.

This class is impaired.

CLASS 5 SECURED CREDITOR LOPEZ ENTERPRISES

Secured creditor Lopez Enterprises has filed claim number 8 for the total amount of $ $1,114,795.08. This amount is in consideration of an attachment that was filed over a real property located at Bo. Machete in Guayama, Puerto Rico.

This creditor will be paid in full upon sale of the property.

This class is impaired.

CLASS 6-SECURED CREDITOR CRIM

Secured creditor CRIM has filed a claim in the amount of $115,225.06 of which $85,331.58 is secured. This creditor will be paid in full upon sale of the properties. The unsecured portion of the claim will be paid in full.

This class is not impaired.

CLASS 7 - SECURED CREDITOR BANCO POPULAR DE PUERTO RICO

Creditor Banco Popular was scheduled in the total amount of $1,113,000.00. This claim is in consideration of a loan issued to a corporation Consorcio Agua. Debtors are co-debtors to this loan. Debtors will surrender BPPR the shares in the corporation in full consideration of his liability in this claim

This class is impaired.

CLASS 8 - WESTGATE RESORTS

Creditor Westgate Resorts was scheduled in the amount of $2,972.02. Thos claim is inconsideration of arrears in the maintenance fee. Debtor will cure all pre-petition maintenance fees and will continue making direct payments to this creditor.

This claim is impaired.

**CLASS 9–** GENERAL UNSECURED CREDITORS

Class 9 General Unsecured Creditors

This Class is composed of unsecured claims as finally allowed by this Honorable Court. It is estimated that claims in this class will be an amount close to $1,794,509.16. This Class will be paid one hundred percent (100%) plus 4.25% interest of their claims as soon as the properties are sold.

This class is impaired.

ARTICLE IV

PAYMENTS PROVISIONS UNDER THE PLAN
(IMPAIRMENT OF EXISTING CLAIMS AND INTERESTS)

As provided by 11 USC 1124, a class of claims or interests is impaired under a plan unless, with respect to each claim or interest of such class, the plan:

(1) Leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest; or

(2) Notwithstanding any contractual provision or applicable law that entitles the holder of such claim or interest to demand or receive accelerated payment of such claim or interest after the occurrence of such default

(A) Cures any such default that occurred before or after the commencement of the case under this title, other than a default specified in section 365(b)(2) of this title

(B) Reinstate any maturity of such claim or interest as such maturity existed before such default

(C) Compensates the holder of such claim or interest for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law; and

(D) Does not otherwise alter the legal, equitable or contractual right to which such claim or interest entitles the holder of such claim or interest.

ARTICLE V
VOTING ON THE PLAN AND COMPLIANCE WITH 11 USDC SEC. 1129

Unimpaired Claims: Claims in class 1,2 and 3 are deemed unimpaired by this Plan in accordance with section 1124 of the Bankruptcy Code. By virtue of such status, such classes either are deemed to have accepted the plan in accordance with section 1126(f) of the Bankruptcy Code or are not otherwise required to have their votes to accept or reject the Plan solicited.

Impaired Voting Claims: For voting purposes, claims in Class 4, 5, 6, 7, 8 and 9 are impaired and debtors will solicit the votes of such class with respect to the acceptance or rejection of the Plan pursuant to the Provisions of 11 USC section 1126.

ARTICLE VI
DISCHARGE OF CLAIMS

Except as otherwise provided for in this Plan or in the Order of Confirmation, the rights granted by the Plan and the payments and distributions to be made, shall be in complete exchange for, and in full satisfaction, discharge and release of, all existing debts and claims of any kind, nature or description whatsoever against the debtors. On the Consummation Date, all existing claims shall be deemed to be exchanged, satisfied and discharged and released in full; and all holders of claims shall be deemed to be exchanged, satisfied, discharged and released in full; and all holders of claims shall be precluded from asserting any other or future claim based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Consummation Date, whether or not such holder filed a proof of claim. However, a discharge order will not be entered until all payments under the plan have been made in accordance with 11 USC sec. 1141 (d)(5).

The order of confirmation of this Plan shall constitute an injunction against the pursuit of any claim or equity interest, whether or not a proof of claim or proof of interest based on any such debt, liability, or interest is filed or deemed filed under 11 USC section 501, such claim is allowed under 11 USC section 502 or the holder of such claim has accepted this Plan in the manner set forth herein.

ARTICLE VII
OBJECTIONS TO CLAIMS

The debtors, at their option or upon order of the Bankruptcy Code, if requested, may file an objection to any claim as to its validity or amount within 30 days before the confirmation date and may substitute for the Debtor as the objecting party to any pending claim objections. Objections not filed by the date of confirmation shall be deemed waived. If an objection is made, payment to such claimants will be made only after the entry of a final order by the Court allowing such claim and in accordance with the provisions of the Plan governing such class to which such claims belong.

The claim of any creditor whose claim has been scheduled as disputed but who has not filed a proof of claim shall be disallowed by confirmation of the Plan, unless written objection to the disallowance is filed prior to the confirmation hearing.

## ARTICLE VIII
## EXECUTORY CONTRACTS

Debtor assumes all unexpired leases and executory contracts to which they are a party and which have not been expressly rejected pursuant to 11 USC section 365 (a).

## ARTICLE IX
## MEANS OF EXECUTION OF THE PLAN

Upon confirmation of the plan, the Debtor shall have sufficient funds to make payments then due under this Plan. The funds will be obtained from the sale of properties and collection on account receivables.

On the Confirmation Date of the Plan, the estate assets shall be and become the general responsibility of the reorganized debtor ("Reorganized debtor"), which shall thereafter have the responsibility for the management and control and administration thereof.

## ARTICLE X
## PROVISIONS FOR THE MODIFICATION OF THE PLAN

The debtor may propose amendments or modifications of this Plan at any time prior to its confirmation pursuant to 11 USC 1127. After confirmation of the Plan, the Reorganized Debtor may, with the approval of the Court and as long as it does not adversely affect the interests of the creditors, remedy any defect or omission, in such manner as may be necessary to carry out the purposes and effects of the same.

## ARTICLE XI
## CLOSING OF THE CASE

At such time at which all payments under the plan have been made, this case shall be closed. In order for the case to be closed, Debtor shall file an application for final decree showing that the case has been fully administered and the Plan has been completed in accordance with the provisions of 11 USC sec. 1141 (d)(5). A discharge will not be granted until all payments under the plan have been made in accordance with 11 USC sec. 1141 (d)(5). The Court may conduct a hearing upon application thereof and after notice to all creditors and parties in interest. Thereafter, an order approving the Debtors' report and closing the case shall be entered.

## ARTICLE XII
## RETENTION OF JURISDICTION

The Bankruptcy Court shall retain jurisdiction over this case as is conferred upon it by law, rule or statute, or by this Plan, to enable the Debtors to consummate any and all

proceedings which they may bring before or after entry of the order of confirmation, in order to carry out the provisions of this Plan.

/s/Enrique Rodriguez Narvaez          /s/Myrna I. Rivera Ortiz
ENRIQUE RODRIGUEZ NARVAEZ         MYRNA IRIS RIVERA ORTIZ

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document has been filed using the CM/ECF electronic filing system which will give notice to all CM/ECF participants; and hand delivered to the United States Trustee and by First Class Mail to all creditors and parties in interest as per the master address list.

Respectfully submitted, in San Juan, Puerto Rico, this 26 of October 2018.

**WANDA I. LUNA MARTINEZ**
**PMB 389 PO BOX 194000**
**SAN JUAN, PR 00919-4000**
**TEL. (787) 998-2356 FAX (787)200-8837**
quiebra@gmail.com

/s/ Wanda I. Luna Martinez
**WANDA I. LUNA MARTINEZ**
**USDC-PR 206307**