**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:**<br><br>**ENRIQUE RODRÍGUEZ NARVÁEZ**<br>**MYRNA I. RIVERA ORTIZ**<br><br>**DEBTORS** | **CASE NO. 18-02044-EAG**<br><br>**CHAPTER 11** |

## MOTION TO MAKE SALE FREE AND CLEAR OF ALL LIENS

**TO THE HONORABLE COURT:**

**COMES NOW** Debtors through the undersigned attorney and respectfully request and pray for the following:

1. On April 16, 2018, Debtors, Enrique Rodríguez Narváez & Myrna I. Rivera Ortiz, filed a voluntary petition for relief pursuant chapter 11 of the Bankruptcy Code. This case has a confirmed plan which contemplate the payments of the creditors by the sale or development of the property.

2. Between Debtors property, Debtors have two properties located at, Arroyo, Puerto Rico. The description of each property is the following:

> **Property #1 "RUSTICA:** Finca compuesta de 63 cuerdas de terreno, equivalentes a 24 hectáreas, 76 áreas y 15 centiáreas, radicada en el barrio Cuatro Calles Sector Sabana Eneas del término municipal de Arroyo, Puerto Rico, colindando por el NORTE, SUR, ESTE Y OESTE, con terrenos de Luce and Company, Sociedad en Comandita."

> Registered in the Public Registry of Guayama, Book 197, Page 41, 37th inscription, Property no. 68. Property Identification 420-000-005-04-000.

> **Property #2 "RUSTICA:** Finca compuesta de 11 cuerdas de terreno, equivalentes a 4 hectáreas, 32 áreas y 134 centiáreas, radicada en el barrio Cuatro Calles Sector Sabana Eneas del término municipal de Arroyo, Puerto Rico, colindando por el NORTE, SUR, ESTE Y OESTE, con terrenos de Luce and Company, Sociedad en Comandita. Está enclavada dentro de finca denominada Vigia, de la cual forma parte."

Registered in the Public Registry of Guayama, Book 197, Page 42, Property no. 345, 30th inscription Property Identification 420-000-005-31-000.

3. The describe property have no lien except for the garnishment recorded by creditor, López Enterprises, Inc. and Sucesión Vázquez. As to López Enterprises, Inc. this creditor hold lien over all the properties of debtors which exceed the debt owed to this creditor and the same thing happen with creditor, Sucesión Vázquez.

4. In this case, Debtors requested an appraisal from both properties in which appraise the total amount of 1,260,000.00, $1,134,000.00 for the lot of land comprised of 63.0 cuerdas and $198,000.00 for the lot of land comprised of 11.0 cuerdas.

See, **_Exhibit A_** for the appraisal for both properties. Also, attached as **_Exhibit B_** is a Title Study for both properties.

5. Debtors received a purchase offer from Mr. Manuel Vidal for the corporation designated by him to buy these properties in the sum of $1,300,000.00 free and clear from any liens. Enclosed as **_Exhibit C_** is the letter of the offer. Which offer is accepted by Debtor.

6. As per CRIM's certification attached herein the properties owed the amount of $845.00 for the property number 345 comprised of 11 cuerdas and $1,600.98 for the property number 68 comprised of 63 cuerdas, attached as **_Exhibit D_**. At the moment of closing, Debtors will deliver a certification validating the amount and if there is any additional balance the same will be included and paid.

7. In order to make this sale, Debtors hired attorney, Héctor A. Sostre Narváez, in order to make all the deeds. Debtors with the sale will paid the closing cost in the amount of $13,394.00. As **_Exhibit E_** attached demonstrated; CRIM in the amount of $2,445.98. The amount received after deductions from the sale will be used to make payments as per the Chapter 11 Plan.

8. The amount to be pay to creditors is as follow:

    1. Crim debt $2,445.98

    2. Closing cost $13,394.00

    3. to Sucesión Vázquez, which has agreed and provided a discount in order to receive the full amount from $156,000.00 to $95,000.00.

    4. $1,114,795.08 in full payment of debt plus $109,528.74 for the accrued interest up to march 31, 2019; as per filed at POC # 8-1 owed to López Enterprises, Inc.. With the payment in full of the debt, López Enterprises be surrendering all collateral guarantees that belongs to Debtor.

    5. Any amount remaining needed to complete the payment will be used to Debtors state account.

9. This sale will be made in a period of twenty (20) days after the order approving this motion is entered.

10. That in view of the payment made by Debtor, we request that all lien attach to this property be eliminated. And this sale is understood to be free and clear of any lien.

11. Debtor requests that the present motion announcing the sale of the property be approved. This sale is made for the benefit of creditor and the buyers have this fund to make this sale.

12. In accordance to section 363(c)(2)(B) of the Bankruptcy code Debtor request the approval of this sale and an order to cancel debt and all liens to delated to this property with any provision that in accordance to law this Honorable Court deems just and proper.

    **WHEREFORE,** Debtor requests that the present motion announcing the sale of the property described above be granted, along with any other procedure that this Honorable Court deems just and proper.

    **I HEREBY CERTIFY** that on this same date a copy of this motion has been electronically

filed with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the participants: U.S. Trustee an all other parties in interest as per the Master Address List.

## NOTICE

Within twenty-one (21) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this motion has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

In Caguas, Puerto Rico, this February 18, 2021

**OFICINA LEGAL VICTOR GRATACÓS DÍAZ**
PO BOX 7571
CAGUAS, PR 00726
P: (787) 746-4772
F: (787) 746-3633
E: bankruptcy@gratacoslaw.com

/s *Víctor Gratacós Díaz*
Víctor Gratacós Díaz, Esq.
USDC-PR: 127906