## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is entered into as of the 19th day of April, 2021, by and between, on the one hand, Walison Corp., with an address at 237 W. Lincoln Avenue, Mt. Vernon, New York 1050 ("Walison"), and on the other hand, Enrique Rodriguez Narvaez ("Enrique"), with and address at PO Box 912, Guayama, Puerto Rico 00784 and Mirna Iris Rivera Ortiz ("Mirna") with and address at PO Box 912, Guayama, Puerto Rico 00784 (Enrique and Mirna hereinafter collectively referred as "Debtors"). "Walison," "Enrique" and "Mirna" are collectively referred to herein as the "Parties" and each a "Party."

## RECITALS

**WHEREAS,** on April 16, 2018, Debtors, Enrique and Mirna, filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code in the United States District Court for the District of Puerto Rico (the "Court") and were assigned a case number of 18-02044-EAG (the "Bankruptcy Matter"). This case is already confirmed and a Chapter 11 plan has been approved;

**WHEREAS**, Walison, entered into a letter of intent for the purchase of a parcel of land from Debtors, among other persons, on July 28, 2018 (the "LOI");

**WHEREAS**, Walison paid One-Hundred Thousand Dollars ($100,000) (the "Initial Deposit") into a special account authorized by the U.S. Bankruptcy Court, pursuant to the terms of the LOI;

**WHEREAS**, the Initial Deposit is being held in a debtor estate account (Account Ending #5324, at Banco Popular de Puerto Rico), which is supervised by the Court, and is controlled by Enrique (the "Estate Account").

**WHEREAS**, The parties did not proceed with the transaction underlying the LOI and now have varying claims against each other;

**WHEREAS**, in order to avoid litigation, the parties have agreed to resolve their disputes, amicably, as follows:

**NOW THEREFORE**, in consideration of the mutual releases provided for, the payments to be made under this Agreement, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, each of the Parties hereto agrees as follows:

1.      Incorporation of Recitals. Each of the recitals set forth above is incorporated into this Agreement as a material part hereof, and each of the Parties represent and warrant that each of the recitals are true and correct to the best of their knowledge and belief.

Doc ID: 999b4069dee8bae3885b8dcc8a89b5eb217c1c97

2.     <u>Consideration</u>.          In full and complete consideration of the above representations and warranties and the full settlement and release of claims as described below the Parties agree as follows:

      a.     Walison shall be paid Eighty-Two Thousand Five Hundred Dollars (US$82,500.00) less any bank issued wire transfer fees actually incurred (the "Deposit Refund"). The payment shall be made in lump sum via wire transfer to KAPIN PLLC as attorneys, IOLA Trust Account, JPMORGAN CHASE BANK, N.A., New York, New York, Account No.: 528907337, Routing No.: 021000021 or via certified Bank Check mailed to KAPIN PLLC as attorneys, 1133 Broadway, Suite 1001, New York, New York 10010.

      b.     The Parties understand and agree that the Initial Deposit is being held by Enrique – as debtor in possession in in the Estate Account which is under the supervision of the Court which maintains jurisdiction over the funds The parties are simultaneously executing the stipulation annexed hereto as **Exhibit A** (the "BK Stipulation"). Enrique agrees that within five (5) days after his receipt of a fully-executed version of this Agreement along with a fully-executed version of the BK Stipulation, he shall cause the BK Stipulation to be filed with the Court.

      c.     **<u>THIS AGREEMENT IS EXPRESSLY CONTINGENT UPON THE BANKRUPTCY COURT APPROVING THE STIPULATION. IN THE EVENT THAT THE BANKRUPTCY COURT DOES NOT APPROVE THE STIPULATION, THIS AGREEMENT SHALL BE OF NO FORCE AND EFFECT.</u>**

      d.     Once the Bankruptcy Court has approved the Stipulation and the twenty-one (21) day statutory claims period has expired, Enrique shall, within five (5) business days, cause the Deposit Refund to be issued to Walison as set forth in section 2(a) of this Agreement.

      e.     After the wire has cleared, within five (5) days after the Deposit Refund has been paid, the Parties shall exchange general release in the form of **Exhibit B**.

      f.     Upon exchange of the general releases, the LOI is deemed fully terminated and of no further force and effect.

3.     <u>Representations and Warranties</u>.    The Parties each represent and warrant that he, she or it has the right, power, legal capacity and authority to enter into and perform all obligations under this Agreement. No approval, consent, order or authorization or notice to any third Party is required to give effect to this Agreement except for the approval of the U.S. Bankruptcy Court of District of Puerto Rico.

4.     <u>Severability</u>.       It is the belief of the Parties that this Agreement does not contain any provision contrary to law. However, if any part, term or provision of this Agreement is declared

Doc ID: 999b4069dee8bae3885b8dcc8a89b5eb217c1c97

or determined by any court to be illegal or invalid, such illegal or invalid part, term or provision shall be deemed not to be part of this Agreement, and the validity of the remaining parts, terms or provisions shall not be affected or impaired thereby and shall remain in full force and effect.

5.    Indemnification. The Parties expressly agree to defend, indemnify, protect and hold harmless each other from and against any judgment, settlement, action, lawsuit, cause and causes of action, damage, claim, lien, compensation, demand and expense, reasonable attorneys' fees, of every kind and nature whatsoever, caused by the other.

6.    Miscellaneous Provisions.

a.    Attorneys' Fees.   Notwithstanding Paragraph 5, above, the Parties agree to   bear their own respective attorneys' fees, costs and expenses relating to the negotiation of this Agreement and that were incurred in the preparation of this Agreement.

b.    Governing Law, Venue & Jurisdiction. This Agreement is a contract made   under the laws of the Commonwealth of Puerto Rico and for all purposes it shall be construed in accordance with and governed by the laws of the Commonwealth of Puerto Rico (without reference to choice of law principles). Any action arising out of or relating to this Agreement shall be commenced and maintained in the exclusive jurisdiction of the United States Bankruptcy Court for the District of Puerto Rico, and if such court declines or refuses, then this Agreement shall be subject to the exclusive jurisdiction of the United States District Court of the District of Puerto Rico, and all Parties irrevocably consent to the sole and exclusive jurisdiction and venue in such court for such purpose.

c.    Counterparts.    This Agreement may be executed in several counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Facsimile or emailed signatures to this Agreement shall be binding on the Parties.

d.    Benefit.    This Agreement shall inure to the benefit and shall be binding upon all the Parties, their legal representatives, successors, heirs and assigns.

e.    Paragraph Headings.  Paragraph headings in this Agreement are for convenience only and are not to be construed as a part hereof or in any way limiting or amplifying the provisions hereof.

f.    Rules of Construction.    The Parties hereto acknowledge that this Agreement  was reached by a process of negotiation and agree that: (i) the rule of construction to the effect that any ambiguities are revolved against the drafting Party shall not be employed in the interpretation of this Agreement; and (ii) the terms and provisions of this Agreement shall be construed fairly as to all Parties hereto and not in favor of or against any Party, regardless of which Party was generally responsible for the preparation of this Agreement.

g.      Entire Agreement.  This Agreement sets forth the entire agreement of the Parties and shall not be amended, modified, or otherwise changed except in a writing signed by both Parties.


**IN WITNESS WHEREOF**, the undersigned have caused this Agreement to be executed and delivered by the Parties as of the date first above written.


_____
Walison Corporation
By: Sabah Rajput
Its: Vice President

By: _____
Enrique Rodriguez Narvaez


By: _____
Mirna Iris Rivera Ortiz


The Following Parties Sign on to this Agreement solely to the extent of providing mutual general releases to Walison Corp. and Sabah Rajput:

By _____      Dated: 04 / 23 / 2021
Carlos R. Garcia Velez


By: _____      Dated: 04 / 23 / 2021
Ingrid G. Rodriguez Rivera


By: _____      Dated: 04 / 19 / 2021
Charles Eckardt


By: _____      Dated: 04 / 19 / 2021
Lorenzo Vilanova

g.   <u>Entire Agreement</u>.   This Agreement sets forth the entire agreement of the Parties and shall not be amended, modified, or otherwise changed except in a writing signed by both Parties.

**IN WITNESS WHEREOF**, the undersigned have caused this Agreement to be executed and delivered by the Parties as of the date first above written.

_____
Walison Corporation
By: Sabah Rajput
Its: Vice President

By:_____
      Enrique Rodriguez Narvaez

By:_____
      Mirna Iris Rivera Ortiz

The Following Parties Sign on to this Agreement solely to the extent of providing mutual general releases to Walison Corp. and Sabah Rajput:

By:_____          Dated:_____
      Carlos R. Garcia Velez

By:_____          Dated:_____
      Ingrid G. Rodriguez Rivera

By:_____          Dated:_____
      Charles Eckardt

By:_____          Dated:_____
      Lorenzo Vilanova

# EXHIBIT A

Doc ID: 999b4069dee8bae3885b8dcc8a89b5eb217c1c97

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Chapter 11 |
| Enrique Rodriguez Narvaez | : | |
| Mirna Iris Rivera Ortiz | : | |
| | : | |
| | : | Case No. 18-02044 EAG |
| Debtors. | : | |
| | : | |

## STIPULATION BETWEEN DEBTOR AND WALISON CORP.

## <u>RECITALS</u>

### <u>Here come the parties represent by the undersigned attorneys and respectfully request and prays as follows:</u>

A.      On April 16, 2018, Debtors filed a chapter 11 petition which have a confirmed and plan dated October 26, 2018 and which was confirmed on March 25, 2019 (as per docket no. 65);

B.      Debtors entered into a written agreement to sell a lot of land to Walison Corp. ("Walison") on or about July 18, 2018 (the "Agreement").

C.      Pursuant to the terms of the Agreement, Walison deposited a $100,000.00 deposit (the "Deposit") in a special bank account authorized by this Bankruptcy Court (the "Deposit Account") which was fully-refundable except for that portion attributable to the expenses incurred under the terms of Agreement, authorized by Walison.

D.      Enrique Rodriguez Narvaez, as debtor in possession, is in control of the Deposit Account.

E.      The sale did not proceed and Walison has demanded return of the full Deposit subject to some expenses incurred in the case which are subject of the dispute between the parties and settled by this stipulation and separate written agreement.

Doc ID: 999b4069dee8bae3885b8dcc8a89b5eb217c1c97

F.      A dispute existed between the Debtors and Walison as to whether payments to vendors/suppliers under the Agreement were authorized by Walison and could therefore be deducted from the Deposit.

G.      The parties have reached a settlement as to the disbursement of the Deposit and the termination of the Agreement.

H.      Debtor and Walison have agreed that the Deposit shall be divided between Walison and Debtors as follows:

    **a.  Walison shall receive eighty-two thousand five hundred dollars (US$82,500.00) in full satisfaction of the Deposit; and,**

    **b.  Debtors shall receive the balance totaling seventeen thousand five hundred dollars ($17,500.00) to pay the expenses incurred, not in dispute under the Agreement.**

I.      Walison and Debtors, by a separate confidential written settlement agreement, have agreed to exchange mutual releases, releasing all claims by and between themselves.

J.   In view of the facts in this case, the parties request the following:

1. The parties request to this Honorable Court enter an order granting permission to Debtors to return the sum of $82,500.00 (less any bank wire fees actually incurred to wire the money) to Walison (or to Walison's attorney escrow account at KAPIN PLLC, counsel representing Walison), in full satisfaction for the cancellation of the option contract between Debtors and Walison.

2. The parties further request that by this Honorable Court's approval of this stipulation, that the Court is limiting its approval to permitting Enrique Rodriguez Narvaez to return the $82,500.00 (less any bank wire fees actually incurred to wire the money) to Walison,

but that any diversion of proceeds in the Deposit Account sent anywhere other than to Walison,

or its counsel, is expressly prohibited by this Court.

**WHEREFORE,** it is respectfully requested from this Honorable Court to enter an Order

approving this stipulation.

## <u>NOTICE</u>

Within twenty-one (21) days after service as evidenced by the certification, and
an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were
served by mail, any party against whom this **STIPULATION** has been served,
or any other party to the action who objects to the relief sought herein, shall
serve and file an objection or other appropriate response to this paper with the
Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If
any objection is duly filing the same will be scheduled to be heard before
Honorable Judge Edward A. Godoy. If no objection or other response is filed
within the time allowed herein, the motion will be deemed unopposed and may
be granted unless: (i) the requested relief is forbidden by law; (ii) the requested
relief is against public policy; or (iii) in the opinion of the Court, the interest of
justice requires otherwise.

**I CERTIFY** that this Stipulation has been electronically filed using CM/ECF system and that

a copy of the same was forwarded to the office of the U.S. Trustee, and by mail to all other parties

in interest as per the Master Address List.

Dated: _4/28_ , 2021

**ENRIQUE RODRIGUEZ NARVAEZ.**
**MIRNA IRIS RIVERA ORTIZ**

*Enrique Rodriguez*
_____ .

Enrique Rodriguez Narvaez
Mirna Iris Rivera Otiz.
PO Box 912, Guayama, PR. 00784
Tel. 787-864-9330

**Represented by Debtor Attorney.**
**Víctor Gratacós Díaz**

_____
Victor Gratacós Diaz
Counsel for Debtor
PO Box 7571, Caguas, PR. 00726
E-mail: vgratacos@gratacoslaw.com
USDC#127906

Dated: 04/23 , 2021

**Walison Corp.**

By: Mr. Sabah Rajput
Its: Vice President

c/o KAPIN PLLC
1133 Broadway, Suite 1001
New York, New York 10010
(212) 513-0500
Fax: 866-575-5019
mikekapin@gmail.com

Dated: April 27, 2021

**Represented by Walison Corp. Attorney.**
**KAPIN PLLC**

Michael J. Kapin, Esq.
Counsel for Walison Corp.
1133 Broadway, Suite 1001
New York, New York 10010
(212) 513-0500
Fax: (866) 575-5019
mikekapin@gmail.com

# EXHIBIT B

Doc ID: 999b4069dee8bae3885b8dcc8a89b5eb217c1c97

**To all to whom these Presents shall come or may Concern,**

**Know That**

**Enrique Rodriguez Narvaez,** as RELEASOR, in consideration of the payment of Eighty-Two Thousand Five Hundred Dollars to Walison Corp., as authorized by the Bankruptcy Court in Case No. 18-02044-EAG, for and as the release of the consigned funds and other good consideration the receipt and sufficiency is hereby acknowledged, releases and discharges as RELEASEE, Walison Corp. and Sabah Rajput, the RELEASEE, RELEASEE's heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE.

This RELEASE may not be changed orally.

 **In Witness Whereof,** the RELEASOR has hereunto set RELEASOR'S hand and seal on the day of

**In presence of**

*Enrique Rodriguez*
_____
Enrique Rodriguez Narvaez

State of_____, County of_____                ss.:

On April_____, 2021, before me, the undersigned, personally appeared Enrique Rodriguez Narvaez
Personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s)
is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person
upon behalf of which the individual(s) acted, executed the instrument.

_____
(signature and office of individual taking acknowledgment)

**To all to whom these Presents shall come or may Concern,**

**Know That**

**Mirna Iris Rivera Ortiz**, as RELEASOR, in consideration of the payment made by Enrique Rodriguez Narvaez for the sum of Eighty-Two Thousand Five Hundred Dollars to Walison Corp. and, as authorized by the Bankruptcy Court in Case No. 18-02044-EAG, for and as the release of the consigned funds and other good consideration the receipt and sufficiency is hereby acknowledged, releases and discharges as RELEASEE, Walison Corp. and Sabah Rajput, the RELEASEE, RELEASEE's heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE.

This RELEASE may not be changed orally.

    **In Witness Whereof**, the RELEASOR has hereunto set RELEASOR'S hand and seal on the day of

    **In presence of**

                                                                            _____
                                                                            Mirna Iris Rivera Ortiz

State of_____, County of_____                    ss.:

On April_____, 2021, before me, the undersigned, personally appeared Mirna Iris Rivera Ortiz
Personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

                                                                 _____
                                                                 (signature and office of individual taking acknowledgment)

## To all to whom these Presents shall come or may

## Concern, Know That

**Carlos R. Garcia Velez,** as RELEASOR, in consideration of the payment made by Enrique Rodriguez Narvaez
for the sum of Eighty-Two Thousand Five Hundred Dollars to Walison Corp. and, as authorized by the Bankruptcy Court in Case No. 18-02044-EAG, for and as the release of the consigned funds and other good consideration the receipt and sufficiency is hereby acknowledged, releases and discharges as RELEASEE, Walison Corp. and Sabah Rajput, the RELEASEE, RELEASEE's heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE.

This RELEASE may not be changed orally.

**In Witness Whereof,** the RELEASOR has hereunto set RELEASOR'S hand and seal on the day of

**In presence of**

*Carlos Garcia Velez*

Carlos R. Garcia Velez


State of_____, County of_____          ss.:


On April_____, 2021, before me, the undersigned, personally appeared Carlos R. Garcia Velez
Personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.


_____
(signature and office of individual taking acknowledgment)

**To all to whom these Presents shall come or may**

**Concern, Know That**

**Ingrid G. Rodriguez Rivera,** as RELEASOR, in consideration of the payment made by Enrique Rodriguez
Narvaez for the sum of Eighty-Two Thousand Five Hundred Dollars to Walison Corp. and, as authorized by the Bankruptcy Court in Case No. 18-02044-EAG, for and as the release of the consigned funds and other good consideration the receipt and sufficiency is hereby acknowledged, releases and discharges as RELEASEE, Walison Corp. and Sabah Rajput, the RELEASEE, RELEASEE's heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE.

This RELEASE may not be changed orally.

**In Witness Whereof,** the RELEASOR has hereunto set RELEASOR'S hand and seal on the day of

**In presence of**

_____

Ingrid G. Rodriguez Rivera

State of_____, County of_____               ss.:

On April_____, 2021, before me, the undersigned, personally appeared Ingrid G. Rodriguez Rivera
Personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s)
is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person
upon behalf of which the individual(s) acted, executed the instrument.

_____

(signature and office of individual taking acknowledgment)

**To all to whom these Presents shall come or may**

**Concern, Know That**

**Charles Eckardt**, as RELEASOR, in consideration of the payment made by Enrique Rodriguez Narvaez for
the sum of Eighty-Two Thousand Five Hundred Dollars to Walison Corp. and, as authorized by the
Bankruptcy Court in Case No. 18-02044-EAG, for and as the release of the consigned funds and other
good consideration the receipt and sufficiency is hereby acknowledged, releases and discharges as
RELEASEE, Walison Corp. and Sabah Rajput, the RELEASEE, RELEASEE's heirs, executors, administrators,
successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts,
reckonings, bonds, bills specialties, covenants, contracts, controversies, agreements, promises, variances,
trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty
or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S heirs, executors, administrators,
successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of
any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this
RELEASE.

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE.

This RELEASE may not be changed orally.

**In Witness Whereof**, the RELEASOR has hereunto set RELEASOR'S hand and seal on the day of

**In presence of**

_____
Charles Eckardt

State of_____, County of_____          ss.:

On April_____, 2021, before me, the undersigned, personally appeared Charles Eckardt
Personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s)
is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person
upon behalf of which the individual(s) acted, executed the instrument.

_____
(signature and office of individual taking acknowledgment)

**To all to whom these Presents shall come or may**

**Concern, Know That**

**Lorenzo Vilanova,** as RELEASOR, in consideration of the payment made by Enrique Rodriguez Narvaez for the sum of Eighty-Two Thousand Five Hundred Dollars to Walison Corp. and, as authorized by the Bankruptcy Court in Case No. 18-02044-EAG, for and as the release of the consigned funds and other good consideration the receipt and sufficiency is hereby acknowledged, releases and discharges as RELEASEE, Walison Corp. and Sabah Rajput, the RELEASEE, RELEASEE's heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE.

This RELEASE may not be changed orally.

        **In Witness Whereof**, the RELEASOR has hereunto set RELEASOR'S hand and seal on the day of

        **In presence of**

*Lorenzo Vilanova*
Lorenzo Vilanova

State of_____, County of_____                     ss.:

On April_____, 2021, before me, the undersigned, personally appeared Lorenzo Vilanova
Personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

        _____
        (signature and office of individual taking acknowledgment)

**To all to whom these Presents shall come or may Concern,**

**Know That**

**Walison Corp.,** as RELEASOR, in consideration of the payment made by Enrique Rodriguez Narvaez for the sum of Eighty-Two Thousand Five Hundred Dollars to Walison Corp. and, as authorized by the Bankruptcy Court in Case No. 18-02044-EAG, for and as the release of the consigned funds and other good consideration the receipt and sufficiency is hereby acknowledged, releases and discharges as RELEASEE, Mirna Iris Rivera Ortiz, Enrique Rodriguez Narvaez, Carlos R. Garcia Velez, Ingrid G. Rodriguez Rivera, Charles Eckardt, Lorenzo Vilanova, the RELEASEE, RELEASEE's heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE.

This RELEASE may not be changed orally.

       **In Witness Whereof,** the RELEASOR has hereunto set RELEASOR'S hand and seal on the day of

       **In presence of**

                          _____

                          Walison Corp.
                          By: Sabah Rajput
                          Its: Vice President

State of_____, County of_____         ss.:

On April_____, 2021, before me, the undersigned, personally appeared Sabah Rajput
Personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

                          _____
                          (signature and office of individual taking acknowledgment)

Doc ID: 999b4069dee8bae3885b8dcc8a89b5eb217c1c97

## To all to whom these Presents shall come or may Concern,

## Know That

**Sabah Rajput,** as RELEASOR, in consideration of the payment made by Enrique Rodriguez Narvaez for the sum of Eighty-Two Thousand Five Hundred Dollars to Walison Corp. and, as authorized by the Bankruptcy Court in Case No. 18-02044-EAG, for and as the release of the consigned funds and other good consideration the receipt and sufficiency is hereby acknowledged, releases and discharges as RELEASEE, Mirna Iris Rivera Ortiz, Enrique Rodriguez Narvaez, Carlos R. Garcia Velez, Ingrid G. Rodriguez Rivera, Charles Eckardt, Lorenzo Vilanova, the RELEASEE, RELEASEE's heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE.

This RELEASE may not be changed orally.

**In Witness Whereof,** the RELEASOR has hereunto set RELEASOR'S hand and seal on the day of

**In presence of**

_____

By: Sabah Rajput

State of_____, County of_____                 ss.:

On April_____, 2021, before me, the undersigned, personally appeared Sabah Rajput
Personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
(signature and office of individual taking acknowledgment)

# ▽ HELLOSIGN

# Audit Trail

| | |
|---|---|
| **TITLE** | Settlement and Release Agreement |
| **FILE NAME** | FOR SIGNATURE _ S...ses FINAL v.1.pdf |
| **DOCUMENT ID** | 999b4069dee8bae3885b8dcc8a89b5eb217c1c97 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ◈ Completed |

## Document History

| | | |
|---|---|---|
| ↻ **SENT** | **04 / 19 / 2021**<br>22:28:36 UTC | Sent for signature to Lorenzo Vilanova (lvasiete@yahoo.com), Charles Eckardt (kelcomcomm@yahoo.com), Enrique Rodriguez Narvaez (erndevelopment@yahoo.com), Myrna I Rivera Ortiz (myrnariveraortiz0549@gmail.com), Carlos R. Garcia Velez (puertoricotax@aol.com) and Ingrid G. Rodriguez Rivera (garrodrx@yahoo.com) from kelcomcomm@yahoo.com<br>IP: 174.48.55.191 |
| ◉ **VIEWED** | **04 / 19 / 2021**<br>22:28:57 UTC | Viewed by Lorenzo Vilanova (lvasiete@yahoo.com)<br>IP: 198.245.107.85 |
| ◉ **VIEWED** | **04 / 19 / 2021**<br>22:31:07 UTC | Viewed by Charles Eckardt (kelcomcomm@yahoo.com)<br>IP: 174.48.55.191 |
| ✔ **SIGNED** | **04 / 19 / 2021**<br>22:31:17 UTC | Signed by Lorenzo Vilanova (lvasiete@yahoo.com)<br>IP: 198.245.107.85 |

# ▽ HELLOSIGN

Audit Trail

| | |
|---|---|
| **TITLE** | Settlement and Release Agreement |
| **FILE NAME** | FOR SIGNATURE _ S...ses FINAL v.1.pdf |
| **DOCUMENT ID** | 999b4069dee8bae3885b8dcc8a89b5eb217c1c97 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ⊕ Completed |

## Document History

| | | |
|---|---|---|
| **SIGNED** | **04 / 19 / 2021**<br>22:31:24 UTC | Signed by Charles Eckardt (kelcomcomm@yahoo.com)<br>IP: 174.48.55.191 |
| **VIEWED** | **04 / 19 / 2021**<br>22:52:42 UTC | Viewed by Enrique Rodriguez Narvaez<br>(erndevelopment@yahoo.com)<br>IP: 72.50.4.53 |
| **SIGNED** | **04 / 19 / 2021**<br>22:53:46 UTC | Signed by Enrique Rodriguez Narvaez<br>(erndevelopment@yahoo.com)<br>IP: 72.50.4.53 |
| **VIEWED** | **04 / 19 / 2021**<br>23:01:44 UTC | Viewed by Myrna I Rivera Ortiz<br>(myrnariveraortiz0549@gmail.com)<br>IP: 72.50.4.114 |
| **VIEWED** | **04 / 19 / 2021**<br>23:08:00 UTC | Viewed by Ingrid G. Rodriguez Rivera (garrodrx@yahoo.com)<br>IP: 154.64.210.246 |

Powered by ▽ HELLOSIGN

# ▽ HELLOSIGN

## Audit Trail

| | |
|---|---|
| **TITLE** | Settlement and Release Agreement |
| **FILE NAME** | FOR SIGNATURE _ S...ses FINAL v.1.pdf |
| **DOCUMENT ID** | 999b4069dee8bae3885b8dcc8a89b5eb217c1c97 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ⊕ Completed |

## Document History

| | | |
|---|---|---|
| SIGNED | **04 / 19 / 2021** 23:12:27 UTC | Signed by Myrna I Rivera Ortiz (myrnariveraortiz0549@gmail.com) IP: 72.50.4.188 |
| SIGNED | **04 / 23 / 2021** 10:49:09 UTC | Signed by Ingrid G. Rodriguez Rivera (garrodrx@yahoo.com) IP: 154.64.210.246 |
| VIEWED | **04 / 23 / 2021** 13:44:33 UTC | Viewed by Carlos R. Garcia Velez (puertoricotax@aol.com) IP: 24.48.229.187 |
| SIGNED | **04 / 23 / 2021** 13:48:02 UTC | Signed by Carlos R. Garcia Velez (puertoricotax@aol.com) IP: 24.48.229.187 |
| COMPLETED | **04 / 23 / 2021** 13:48:02 UTC | The document has been completed. |

Powered by ▽ HELLOSIGN